RILEY, Judge,
concurring in result in part and dissenting in part.
I respectfully disagree from the majority’s conclusion that the Transfer on Death Property Act, enacted in 2009, retroactively applied to the 2006 Promissory Note. Although I ultimately agree that the trial court erred in concluding that the Promissory Note is an asset of Ruth’s estate, I do so for different reasons than the majority.
I. Transfer on Death Property Act
The Transfer on Death Property Act includes an express, legislative statement applying the Act retroactively only in certain situations. Specifically, the Act provides:
*903 Sec. 2(a) Except as provided elsewhere in this chapter, this chapter applies to a transfer on death security, transfer on death securities account, and pay on death account created before July 1, 2009, unless ...
I.C. § 32-17-14-2. Pursuant to the Act’s provisions, a Promissory Note is explicitly defined as “Property,” and therefore, I conclude that the limited retroactive character of the Act does not apply to the contested Note. See I.C. § 32-17-14-3(10)(D).
In an effort to nevertheless apply the Act retroactively on the contested Promissory Note, the majority’s analysis commences from the same premise that the Act “applies retroactively to a transfer on death security, transfer on death securities account, and pay on death account created before July 1, 2009.” See Op. p. 902 (citing I.C. § 32-17-14-2(a)). Although the majority throughout its opinion characterizes the Note as a Promissory Note and the parties did not contest its legality, the majority, now by a sleight of hand, notes that actually, by its terms, the Promissory Note is a pay on death account. However, the Note cannot be both a Promissory Note and a pay on death account as that would lead to incongruous results within the statute — an outcome never intended by our Legislature. On the one hand, a promissory note, as property, is explicitly excluded from the retroactive application of the Act whereas a pay on death account falls within the limited retroactive exceptions. As its character was never disputed until the majority “re-termed” it, I necessarily conclude that the retroactive character does not apply.
II. Asset of the Estate
Concluding that the Transfer on Death Act is not applicable, I turn to the provisions of Indiana Code section 32-17-11-28, to determine whether the language used in the Promissory Note caused it to become non-testamentary and therefore outside the realm of the Estate.
Indiana Code section 32-17-11-28 states as follows
Provisions in certain agreements nontestamentary; creditors’ rights
Sec. 28. (a) Any of the following provisions in an insurance policy, contract of employment, bond, mortgage, promissory note, deposit agreement, pension plan, trust agreement, conveyance or any other written instrument effective as a contract, gift, conveyance, or trust in considered to be nontestamentary, and this title and IC 29 do not invalidate the instrument or any provisions:
(1) That money or other benefits due to, controlled, or owned by a decedent before the person’s death shall be paid after the person’s death to a person designated by the decedent in either the instrument or a separate writing, including a will, executed at the same time as the instrument or subsequently-
(2) That any money due or to become due under the instrument shall cease to be payable in event of the death of the promise or the promisor before payment or demand.
(3) That any property that is the subject of the instrument shall pass to a person designated by the decedent in either the instrument or a separate writing, including a will, executed at the same time as the instrument or subsequently.
(b) This section does not limit the rights of creditors under other Indiana laws.
In analyzing the language of the Promissory Note, the Note appears to be ambiguous on its face, with incongruous language in both halves. If an agreement is ambiguous, we determine whether the ambiguity is patent or latent. Eckart v. Davis, 631 *904 N.E.2d 494, 497 (Ind.Ct.App.1994). A patent ambiguity is apparent on the face of the instrument and arises from an inconsistency or inherent uncertainty of language used so that it either conveys no definite meaning or a confused meaning. Id. Extrinsic evidence is not admissible to explain or remove a patent ambiguity. Id. Conversely, a latent ambiguity does not emerge until one attempts to implement the words as directed in the instrument. Id. Extrinsic evidence is admissible to explain a latent ambiguity. Id. at 498.
Because a patent ambiguity exists, I interpret the Promissory Note before us without the aid of extrinsic evidence. The second part of the Note establishes that “the principal and accrued interest if not sooner paid [ — which it was not — ] shall be due + payable on demand or on the death of either [Ruth] or [Charles][.]” (Appellant’s App. p. 23). As no demand was ever made for payment, pursuant to the Note’s language, Ruth’s death triggered Charles’ obligation to pay the remaining amount due in full. (Appellant’s App. p. 23). However, the first part of the Note completes the second part’s missing instruction, i.e., who the amount should be paid to. Specifically, the first part of the Note identifies “[t]he note is payable on death to [Charles].” (Appellant’s App. p. 23). As such, the Promissory Note falls within the purview of I.C. § 32-17-11-28(1) and therefore becomes non-testamentary. Consequently, I conclude that the trial court erred in concluding that the amount due under the Promissory Note is an asset of the Estate.